UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 23-157 |
| JOVAUN JOHNSON | SECTION I |

### ORDER AND REASONS

On this date, the Court held a hearing to determine the mental competency of defendant Jovaun Johnson ("Johnson"). The Court likewise considered Johnson's unopposed motion[1] to continue the trial, pretrial conference, and deadline for filing substantive motions. For the foregoing reasons, the Court finds that Johnson is presently suffering from a mental disease or defect rendering him mentally incompetent. The Court likewise grants Johnson's motion to continue the above-mentioned dates to allow time to determine whether there is a substantial probability that Johnson will attain the capacity to permit the proceedings to go forward in the foreseeable future.

After a competency hearing pursuant to 18 U.S.C § 4241, a district court must first evaluate, by a preponderance of the evidence, whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(d). "In making that determination, the 'court may commit the defendant for a

---

[1] R. Doc. No. 45.

mental health examination.'" *U.S. v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019) (quoting *United States v. Dalasta*, 856 F.3d 549, 554 (8th Cir. 2017)).

If, after a hearing, the defendant is found to be incompetent, "the court shall commit the defendant to the custody of the Attorney General," who, in turn, "shall hospitalize the defendant for treatment in a suitable facility." 18 U.S.C. § 4241(d). "While the district court has discretion to confine a defendant before an initial competency hearing, commitment is mandatory upon a finding of incapacity. That is so irrespective of the defendant's initial prognosis." *McKown*, 930 F.3d at 727. Such confinement, however, may last only "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

"After a defendant's initial period of commitment for treatment to evaluate or restore competency, the district court has the authority to order an additional commitment period. . . ." *U.S. v. Ceasar*, 30 F.4th 497, 500 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 191 (2022). However, the court may only order an additional commitment period if it "finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2). If the court so finds, the defendant may be committed for a "reasonable period of time until his mental condition is so improved that trial may proceed . . . or the pending charges against him are disposed of according to law; whichever is earlier." *Id.*

In this case, the Court previously ordered that Johnson receive a mental evaluation in accordance with 18 U.S.C. § 4241(b) on two separate occasions. First, the Court ordered that an examination be conducted by Dr. John Thompson, M.D. and that Dr. Thomson provide the Court with a written report.[2] Dr. Thompson's evaluation occurred via video conferencing technology, and his report advised the Court that Johnson was competent to stand trial. Johnson's counsel expressed doubts as to Dr. Thompson's report, and the Court thereby ordered that an additional psychiatric or psychological examination of Johnson be conducted at a suitable facility for federal prisoners to determine his mental competency.[3]

The second evaluation was conducted by Dr. Lacie Biber, Psy.D., who evaluated Johnson in person between August 30, 2024 and September 27, 2024. Dr. Biber's report diagnosed Johnson with narcissistic personality disorder and delusional disorder. Her report expressed the opinion that these mental diseases interfere with Johnson's ability to understand the nature and consequences of the proceedings against him and assist properly in his defense.

In the face of conflicting reports, the Court notes that Dr. Biber's evaluation occurred in person and over a month-long period. Her evaluation likewise benefitted from a review of Dr. Thompson's report.

Accordingly, the Court finds by a preponderance of the evidence that Johnson is "presently suffering from a mental disease or defect rendering him mentally

---

[2] R. Doc. No. 39.
[3] R. Doc. No. 44.

3

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4241(d). The Court therefore finds that a continuance of this matter is warranted to determine whether there is a substantial probability that Johnson will attain the capacity to permit the proceedings to go forward in the foreseeable future. This period of delay shall be excluded as a "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(4). For the foregoing reasons,

**IT IS ORDERED** that, pursuant to 18 U.S.C. § 4241(d), Johnson is committed to the custody of the Attorney General for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The Attorney General shall hospitalize the defendant for treatment in a suitable facility as defined in 18 U.S.C. § 4247(a)(2).

**IT IS FURTHER ORDERED** that Johnson's motion to continue the trial, pretrial conference, and deadline for filing substantive motions is **GRANTED**. The above-mentioned dates are **CONTINUED**, new dates to be determined at an appropriate time.

**IT IS FURTHER ORDERED** that the Court and the parties will have a telephone status conference on **FEBRUARY 25, 2025 at 9:30 A.M.** to discuss whether Johnson has attained the capacity to permit a trial.

**IT IS FURTHER ORDERED** that Dr. Thompson's report and Dr. Biber's report shall be filed into the record under seal.

New Orleans, Louisiana, October 29, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**