UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 23-157 |
| JOVAUN JOHNSON | SECTION I |

# ORDER

Before the Court is defendant Jovaun Johnson's ("Johnson") and the government's joint motion[1] and incorporated memorandum for an extension of time for an additional evaluation to determine whether the defendant is competent to stand trial, pursuant to 18 U.S.C. § 4241(d)(2)(A). For the following reasons, the Court grants the joint motion and extends the period for mental health evaluation for an additional 120 days.

Section 4241(d) allows "for up to two periods of commitment" to determine a defendant's competency. *United States v. Ceasar*, 30 F.4th 497, 501 (5th Cir. 2022); *see generally* 18 U.S.C. § 4241(d). Pursuant to § 4241(d)(1), the court may order an initial period of commitment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward." § 4241(d)(1). "After a defendant's initial period of commitment for treatment to evaluate or restore competency" under § 4241(d)(1), "the district court has the authority to order an additional commitment period." *Ceasar*,

---

[1] R. Doc. No. 56.

30 F.4th at 500. This authority, granted by § 4241(d)(2), makes clear that the court may only order an additional commitment period if it "finds that there is a substantial probability that within such additional period of time [the defendant] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). If the court so finds, the defendant may be committed for a "reasonable period of time until his mental condition is so improved that trial may proceed . . . or the pending charges against him are disposed of according to law; whichever is earlier." *Id.* In deciding whether to order an additional period of commitment under § 4241(d)(2), the court "may rely on expert testimony and reports." *United States v. Berry*, No. 23-30036, 2023 WL 2912484, at *5 (5th Cir. Apr. 12, 2023) (citing *United States v. Joseph*, 333 F.3d 587, 589 (5th Cir. 2003) and *United States v. Pena*, 429 F. App'x 405, 406 (5th Cir. 2011) (per curiam) (unpublished)).

On October 29, 2024, this Court ordered, pursuant to § 4241(d)(1), that Johnson be committed to the custody of the Attorney General for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.[2] The Court also set a telephone status conference for February 25, 2025 to discuss whether Johnson attained the capacity to permit a trial.[3] At that conference, the Court was notified that Johnson had been admitted to a suitable facility, and the Court set an additional status conference for

---

[2] *See generally* R. Doc. No. 53.
[3] *Id.* at 4.

June 16, 2025.[4] The Court was notified at the June status conference that the mental health facility where Johnson is incarcerated was planning to recommend an additional 120-day extension to restore competency.[5] On June 18, 2025, the Court and the parties received a letter from Warden Mark King and a forensic psychological report from Dr. Kaitlyn Hanson requesting a 120-day extension. In her report, Dr. Hanson opines that Johnson remains incompetent to proceed. However, she also reports her belief that with continued treatment it is substantially likely that Johnson will be restored to competency. Having agreed that an additional 120 days of treatment is appropriate at this time, the parties filed this joint motion.

Based on the evidence and information provided to the Court, the Court finds by a preponderance of the evidence that Johnson is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4241(d). The Court also finds that "there is a substantial probability that . . . [Johnson] will attain the capacity to permit the proceedings to go forward" within the additional 120 days. *See* § 4241(d)(2)(A).

Consequently, the Court finds a continuance of this matter is warranted. This period of delay shall be excluded as a "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(4).

---

[4] *See* R. Doc. No. 54.
[5] *See* R. Doc. No. 55.

For the foregoing reasons,

**IT IS ORDERED** that the motion for an extension of time for an additional 120-day mental evaluation, pursuant to 18 U.S.C. § 4241(d)(2)(A), is **GRANTED**.

**IT IS FURTHER ORDERED** that the pretrial and trial are **CONTINUED**, new dates to be determined at an appropriate time.[6]

**IT IS FURTHER ORDERED** that the Court and the parties will have a telephone status conference on **October 28, 2025 at 9:30 A.M.** to discuss whether Johnson is competent to proceed.

New Orleans, Louisiana, June 27, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court notes that new dates have not been determined since the Court's last granting of a continuance. *See* R. Doc. No. 53, at 4.